ROSS, WOLCOTT, TEINERT & PROUT LLP
3151 Airway Avenue, Building E
Costa Mesa, California 92626
ANDREW G. PROUT, Bar No. 287325
CHRISTOPHER S. SKINNER, Bar No. 342830
Tel: (714) 444-3900
AGP@RossLLP.com
CSkinner@RossLLP.com

Special Counsel for Plaintiff Ronald E. Stadtmueller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA DIVISION

| | |
|---|---|
| In re: | Case No. 25-01107-CL7 |
| Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC,<br><br>                Debtor. | Chapter 7<br><br>**EX PARTE APPLICATION FOR ORDER UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR PRODUCTION OF DOCUMENTS BY U.S. BANK NATIONAL ASSOCIATION AND BANK OF AMERICA, N.A.**<br><br>Dept:    1<br>          U.S. Bankruptcy Court<br>          325 West "F" Street<br>          San Diego, CA 92101-6991<br>Judge:  Hon. Christopher B. Latham |

## I.    Introduction

On January 28, 2026, Ronald Stadtmueller, Chapter 7 Trustee, received a production of documents from U.S. Bank National Association, d/b/a U.S. Bank. The U.S. Bank production consisted of Debtor Pacifica Senior Living LLC d/b/a Pacifica Senior Living Management LLC's bank statements and copies of checks deposited into Debtor's two bank accounts with U.S. Bank. Virtually every check deposited into Debtor's bank accounts was from the senior living communities managed by Debtor. All but three senior living communities have accounts with U.S. Bank account. The other three have bank accounts with Bank of America.

Every check from a senior living community managed by Debtor had the exact address—1775 Hancock St., San Diego, CA—regardless of whether the senior living community is located in San Diego, California, Jacksonville, Florida, or Cranston, Rhode Island. Or anywhere in between. And 1775 Hancock St. just so happens to have been Debtor's place of business.

Every check from a senior living community managed by Debtor was signed by the same person, Deepak Israni. Mr. Israni just so happens to have been Debtor's General Manager and a principal thereof, and he was also the signatory on Debtor's checks.

The Trustee now seeks subpoenas to U.S. Bank and Bank of America. These subpoenas seek, since 2020, the bank statements for the senior living communities managed by Debtor and as copies of checks deposited into each senior living community's bank account(s). These documents are necessary to understand the full extent of unpaid management fees and performance bonuses owed to Debtor from the senior living communities. Collection of the unpaid management fees and performance bonuses will go towards providing funds for distributions to creditors.

## II.    Factual Background

On March 24, 2025, a voluntary petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) was filed by the Debtor in the United States

1   Bankruptcy Court for the Southern District of California. (Stadtmueller Decl., ¶ 3.)
2   The Trustee became the permanent trustee at the first meeting of creditors held
3   April 29, 2025. (*Id.*)

4        Debtor was in the business of managing senior living communities throughout
5   the United States. (*Id.*, ¶ 4.) The relationship between Debtor and the senior living
6   communities was governed by management agreements. (*Id.*, ¶ 5 and Exh. A thereto.)
7   These management agreements provided that the senior living communities paid a
8   monthly management fee for Debtor's services, and the management fee paid to
9   Debtor was a percentage of the senior living communities' gross revenues. (*Id.*, ¶ 6
10   and Exh. A thereto at PSLM002881.)

11        On January 28, 2026, U.S. Bank produced Debtor's banks statements and
12   copies of checks deposited into Debtor's bank accounts. (*Id.*, ¶ 7; Skinner Decl., ¶ 3.)
13   The checks deposited into the Debtor's bank account almost entirely consist of
14   checks from the senior living communities managed by Debtor. (Skinner Decl., ¶ 4
15   and Exh. A thereto.) Each check was signed by Deepak Israni and the address on the
16   checks from each senior living community was 1775 Hancock St., San Diego, CA.
17   (Skinner Decl., ¶ 4 and Exhs. A & B thereto.)   All but three of the senior living
18   communities had bank accounts with U.S. Bank. (Skinner Decl., ¶ 4.) The other three
19   senior living communities have accounts with Bank of America. (*Id.*)

20   **III.   Argument**

21        **a.  Legal Authority**

22       The Trustee makes this application under Rule Procedure 2004, which
23   provides that, "[o]n motion of any party in interest, the court may order the
24   examination of any entity." Rule 2004(a). The scope of the examination "may relate
25   only to the acts, conduct, or property or to the liabilities and financial condition of
26   the debtor, or to any matter which may affect the administration of the debtor's estate.
27   . . ." Rule 2004(b). Local Rule 9013-3(c) provides that an application under Rule
28   2004 may be made without notice.

Rule 9016 makes Fed. R. Civ. P. 45 applicable in cases under the Bankruptcy Code. Though unlike discovery under the Federal Rules of Civil Procedure, discovery under Rule 2004 can be a "pre-litigation discovery device." *In re Wilson*, 413 B.R. 330, 336 (Bankr. E.D. La. 2009). As such, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter"). Moreover, the scope of Rule 2004 is broader than that of discovery under the Federal Rules of Civil Procedure or the Bankruptcy Rules governing adversary proceedings. *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."). It is well-established that the scope of a Rule 2004 examination is "exceptionally broad" and is often compared to a "fishing expedition." *See In re N. Plaza, LLC*, 395 B.R. 113, 122 n.9 (S.D. Cal. 2008); *In re Dinubilo*, 177 B.R. 932, 940 (Bankr. E.D. Cal. 1993). The requesting party may move to compel the production of documents pursuant to Rule 9016. Fed. R. Bankr. P. 2004(c).

**b. The production sought by the Trustee will help determine if there are potential assets owed to the estate.**

In this case, the production of documents sought by the Trustee directly relates to transactions by the Debtor with the senior living communities, as well as potential assets of the estate, a topic which is clearly within the broad scope of Rule 2004 discovery. The documents listed in the attachment to the proposed subpoena, a true and correct copy of which is attached as Attachment "A" to the accompanying order approving this application, are necessary to determine whether the value of the claims against the senior living communities. Specifically, U.S. Bank's and Bank of America's production of each senior living community's bank statements since 2020

and copies of checks deposited into each senior living community's bank account(s) since 2020 will permit the Trustee to calculate the gross revenue for the senior living communities. (Stadtmueller Decl., ¶¶ 8-9.) That number will then be calculated by the fee set forth in the management agreements Debtor had with the senior living communities, and then Debtor will know with all-but certainty the true extent of unpaid management fees and performance bonuses. (*Id.*)

Each of the document requests necessarily contains the account number for each senior living community's bank account, whether with U.S. Bank or Bank of America. (Skinner Decl., ¶ 5.) Because these account numbers constitute sensitive bank information, the document requests affixed to the subpoena filed with the Court are redacted. (*Id.*) The document requests served on U.S. Bank and Bank of America will be unredacted. (*Id.*)

Local Bankruptcy Rule 2004 provides that a deponent must be given a minimum of 21 days' notice and served with both a subpoena and a copy of the order requiring appearance and the production of documents. See L.B.R. 2004-1(d).

Good cause for the request for the testimony and documents exists here. A proper supported determination of the assets of the estate is necessary. The Trustee has an obligation to inquire regarding these issues, so that he can make an informed decision as to how to proceed in this case.

### IV.    Conclusion

Based on the foregoing, and in accordance with Local Bankruptcy Rule 2004, the Trustee will utilize Form CSD 2570 to require production of the requested documents possessed by U.S. Bank and Bank of America, pursuant to Rule 30 (b)(6) of the FRCP, applicable by Rule 7030 of the FRBP. In accordance with Local Bankruptcy Rule 2004-1(d), the Trustee will provide U.S. Bank and Bank of America with a minimum of 21 days' notice of the date for the production of documents, as well as a production location within 100 miles from its principal place of business. / / /

As a result, the Trustee respectfully requests that the Court enter an order, in substantially the form attached as Exhibit 1, granting the Trustee's second application for issuance of the subpoena for the production of the requested documents from U.S. Bank and Bank of America.

DATED: February 13, 2026  ROSS, WOLCOTT, TEINERT & PROUT LLP

          By: */s/ Christopher S. Skinner*
            ANDREW G. PROUT
            CHRISTOPHER S. SKINNER
            Special Counsel for Plaintiff Ronald E.
            Stadtmueller, Chapter 7 Trustee

## **EXHIBIT TABLE**

| Exhibit | Description | Pages |
|:---:|:---|:---|
| 1 | [Proposed] Order | 8-38 |

# Exhibit 1

**CSD 1001A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

ROSS, WOLCOTT, TEINERT & PROUT LLP

3151 Airway Avenue, Building E

Costa Mesa, California 92626

ANDREW G. PROUT, Bar No. 287325

CHRISTOPHER S. SKINNER, Bar No. 342830

Tel: (714) 444-3900

AGP@RossLLP.com; CSkinner@RossLLP.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Pacifica Senior Living LLC dba Pacifica Senior Living

Management LLC

Debtor.

BANKRUPTCY NO. 25-01107-CL7

Date of Hearing: N/A
Time of Hearing: N/A
Name of Judge: Hon. Christopher B. Latham

## ORDER ON

**EX PARTE APPLICATION FOR ORDER UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR PRODUCTION OF DOCUMENTS BY U.S. BANK NATIONAL ASSOCIATION AND BANK OF AMERICA, N.A.**

The court orders as set forth on the continuation pages attached and numbered ___3___ through ___30___ with

exhibits, if any, for a total of __30__ pages. Motion/Application Docket Entry No._____ .

//

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18] **(Page 2)**

ORDER ON EX PARTE APPLICATION FOR ORDER UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR PRODUCTION OF DOCUMENTS BY U.S. BANK NATIONAL ASSOCIATION AND BANK OF AMERICA, N.A.

DEBTOR:  Pacifica Senior Living LLC dba Pacifica Senior Living                    CASE NO: 25-01107-CL7

The Court having considered the ex parte application ("Application") of Chapter 7 Trustee Ronald E. Stadtmueller for production of documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure from U.S. Bank National Association ("U.S. Bank") and Bank of America, N.A ("Bank of America") found that good and sufficient cause exists for granting the Application; it appearing that the relief requested is in the best interests of the estate, its creditors, and other parties in interest; it appearing that notice of the Application was adequate and proper under the circumstances of this case; and good cause appearing therefore,

IT IS HEREBY ORDERED that the Application is granted in its entirety. The Trustee is authorized to issue the subpoena in substantially the form attached to this Order as Attachment "A" for the production of the requested documents for U.S. Bank and the subpoena in substantially the form attached to this Order as Attachment "B" for the production of the requested documents for Bank of America, on the terms set forth in the Application. Such subpoenas shall be served not less than 21 days prior to the date set for production of documents. The parties are hereby directed to comply with the terms of the Subpoenas.

IT IS FURTHER ORDERED that, to the extent that U.S. Bank or Bank of America objects to the time, place, and/or scope of the production, the Trustee shall make reasonable efforts to stipulate to an alternative time, place, and/or scope.

IT IS SO ORDERED.

CSD 1001A

# Attachment "A"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____California_____

In re Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-01107-CL7

Chapter 7

_____

Plaintiff

v.

_____

Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: U.S. BANK NATIONAL ASSOCIATION

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Ross, Wolcott, Teinert & Prout LLP, 3151 Airway Ave., Building E, Costa Mesa, CA 92626 | March 13, 2026 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/13/26

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ronald A. Stadtmueller, Trustee , who issues or requests this subpoena, are:

Christopher S. Skinner; Ross, Wolcott, Teinert & Prout LLP, 3151 Airway Ave., Bldg. E, Costa Mesa, CA 92626; cskinner@rossllp.com; 714-444-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____

                                                        _____
                                                                            *Server's signature*

                                                        _____
                                                                            *Printed name and title*

                                                        _____
                                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

ATTACHMENT TO SUBPOENA TO U.S. BANK NATIONAL ASSOCIATION
In re Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC
Chapter 7 Case No. 25-01107-CL7
Ronald E. Stadtmueller, Chapter 7 Trustee

## I. <u>DEFINITIONS</u>

As used herein, the following terms are defined as follows:

1. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and every."
2. "Any" shall be construed to mean "any and all."
3. "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange or written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party, but the other party does not necessarily respond
4. "Concerning" means relating to, referring to, describing, discussing, evidencing or constituting.
5. "Document" or "writing" means without limitation, the original and all non-identical copies of all items subject to discovery under the Federal Rules of Civil Procedure. These terms are defined as set forth in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, respectively, and include, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind, and all mechanical or electronic data, records or representations of any kind, and all mechanical or electronic data (as defined below), records or representations of any kind, and any and
6. "Electronic data" includes, without limitation, the following:
   a. activity listings of electronic mail receipts or transmittals;
   b. native files with all metadata intact;
   c. static images of electronic documents and data in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF") together with

load files; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant MessengerTM (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all  miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

    d. any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* iPad, iPhone, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

7.  "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

8.  "Or" and "and" should be construed as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "or."

9.  "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, firm, trust, government entity, group or other form of legal entity.

10. "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, implicitly or explicitly, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11. "Debtor" refers to Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC and its agents, officers, directors, members, attorneys, and anyone acting on its behalf.

12. "YOU" or "YOUR" refers to U.S. Bank National Association and its agents, officers, directors, members, attorneys, and anyone acting on its behalf.

## II. <u>INSTRUCTIONS</u>

1. In producing documents and other materials, YOU are to furnish all documents or things in YOUR possession, custody, or control regardless of whether such documents or materials are possessed directly by YOU or YOUR employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by YOUR attorneys or their employees, agents, or investigators.

2. All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business, or you must organize and label each document so as to correspondence with the categories in this request. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

3. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each  document(s) custodian(s).

4. Documents attached to one another should not be separated. If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

5. If a document once existed and subsequently has been lost, destroyed, or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:
   a. is lost or missing;
   b. has been destroyed and, if so, by whom and at whose request;
   c. has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or
   d. has been otherwise disposed of, stating the manner of disposition.

6. In each instance in which a document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:
   a. the identity of the person or entity who last possessed the document;
   b. the date or approximate date of the document's disposition; and
   c. the identity of all persons who have or had knowledge of the document's contents.

7. If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a

claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

    a. the reason for withholding the document;

    b. the date of such communication;

    c. the medium of such communication;

    d. the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

    e. the identity of any document that was the subject of such communication and the present location of any such document;

    f. the identity of the persons involved in such communication;

    g. the identity of any document which records, refers, or relates to such communication and present location of any such document; and

    h. the paragraph or paragraphs of thee requests for production of documents to which such information is responsive.

8. Each document requested herein should be produced in its entirety and without deletion, redaction, or excision, except as qualified by Instruction 7 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted. Any redaction to documents produced should be identified in accordance with Instruction 7 above.

9. All documents produced shall be numbered sequentially and numbered on each page.

10. Documents not otherwise responsive to any of the discovery request herein must be produced if such documents mention, discuss, refer to, or explain one or more documents called for by these requests, or are attached to a document called for by these requests.

11. If in responding these requests you claim any ambiguity in interpreting a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to produce responsive documents, but there shall be set forth as part of your response the language deemed to be ambiguous, and the interpretation chosen or used in responding to the request.

12. Each paragraph and subparagraph of these requests should be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope of any request.

### III.     <u>DOCUMENTS TO BE PRODUCED</u>

1.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

2.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

3.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

4.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

5.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

6.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

7.     Copies of all bank statements since January 1, 2020 for US Bank Account 1███████████.

8.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

9.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

10.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

11.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

12.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

13.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

14.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

15.     Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

16.     Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

17.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

18.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

19.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

20.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

21.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

22.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

23.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

24.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

25.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

26.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

27.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

28.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

29.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

30.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

31.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

32.    Copies of all checks since January 1, 2020 deposited into US Bank Account █████████.

33.    Copies of all bank statements since January 1, 2020 for US Bank Account █████████.

34.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

35.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

36.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

37.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

38.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

39.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

40.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

41.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

42.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

43.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

44.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

45.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

46.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

47.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

48.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

49.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

50.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

51.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

52.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

53.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

54.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

55.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

56.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

57.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

58.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

59.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

60.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

61.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

62.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

63.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

64.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

65.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

66.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

67.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

68.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

69.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

70.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

71.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

72.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

73.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

74.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

75.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

76.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

77.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

78.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

79.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

80.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

81.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

82.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

83.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

84.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

85.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

86.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

87.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

88.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

89.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

90.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

91.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

92.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

93.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

94.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

95.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

96.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

97.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

98.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

99.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

100.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

101.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

102.    Copies of all checks since January 1, 2020 deposited into US Bank Account ████████████.

103.    Copies of all bank statements since January 1, 2020 for US Bank Account ████████████.

104.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

105.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

106.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

107.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

108.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

109.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

110.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

111.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

112.    Copies of all checks since January 1, 2020 deposited into US Bank Account ████████████.

113.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

114.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

115.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

116.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

117.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

118.    Copies of all checks since January 1, 2020 deposited into US Bank Account ████████████.

119.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

120.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

121.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

122.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

123.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

124.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

125.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

126.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

127.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

128.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

129.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

130.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

131.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

132.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

133.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

134.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

135.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

136.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

137.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

138.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

139.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

140.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

141.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

142.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

143.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

144.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

145.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

146.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

147.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

148.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

149.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

150.   Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

151.   Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

152.   Copies of all checks since January 1, 2020 deposited into for US Bank Account ███████████.

153.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

154.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

155.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

156.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

157.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

158.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

159.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

160.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

161.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

162.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

163.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

164.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

165.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

166.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

167.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

168.    Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

169.    Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

170. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

171. Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

172. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

173. Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

174. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

175. Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

176. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

177. Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

178. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

179. Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

180. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

181. Copies of all bank statements since January 1, 2020 for US Bank Account ███████████.

182. Copies of all checks since January 1, 2020 deposited into US Bank Account ███████████.

# Attachment "B"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____ District of _____ California _____

In re Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC
_____

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 25-01107-CL7_____

Chapter 7_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: BANK OF AMERICA, N.A.
_____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Ross, Wolcott, Teinert & Prout LLP, 3151 Airway Ave., Building E, Costa Mesa, CA 92626 | March 13, 2026 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/13/26_____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Ronald A. Stadtmueller, Trustee_____ , who issues or requests this subpoena, are:
Christopher S. Skinner; Ross, Wolcott, Teinert & Prout LLP, 3151 Airway Ave., Bldg. E, Costa Mesa, CA 92626; cskinner@rossllp.com; 714-444-3900

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                     *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                      *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

ATTACHMENT TO SUBPOENA TO BANK OF AMERICA, N.A.

In re Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC

Chapter 7 Case No. 25-01107-CL7

Ronald E. Stadtmueller, Chapter 7 Trustee

## I. <u>DEFINITIONS</u>

As used herein, the following terms are defined as follows:

1. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and every."

2. "Any" shall be construed to mean "any and all."

3. "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange or written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party, but the other party does not necessarily respond

4. "Concerning" means relating to, referring to, describing, discussing, evidencing or constituting.

5. "Document" or "writing" means without limitation, the original and all non-identical copies of all items subject to discovery under the Federal Rules of Civil Procedure. These terms are defined as set forth in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, respectively, and include, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind, and all mechanical or electronic data, records or representations of any kind, and all mechanical or electronic data (as defined below), records or representations of any kind, and any and

6. "Electronic data" includes, without limitation, the following:
   a. activity listings of electronic mail receipts or transmittals;
   b. native files with all metadata intact;
   c. static images of electronic documents and data in Tagged Image File Format ("TIFF") or Portable Document Format ("PDF") together with

load files; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant MessengerTM (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

d.  any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* iPad, iPhone, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

7.  "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

8.  "Or" and "and" should be construed as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "or."

9.  "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, firm, trust, government entity, group or other form of legal entity.

10. "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, implicitly or explicitly, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

11. "Debtor" refers to Pacifica Senior Living LLC dba Pacifica Senior Living Management LLC and its agents, officers, directors, members, attorneys, and anyone acting on its behalf.

12. "YOU" or "YOUR" refers to Bank of America, N.A., and its agents, officers, directors, members, attorneys, and anyone acting on its behalf.

## II. <u>INSTRUCTIONS</u>

1. In producing documents and other materials, YOU are to furnish all documents or things in YOUR possession, custody, or control regardless of whether such documents or materials are possessed directly by YOU or YOUR employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by YOUR attorneys or their employees, agents, or investigators.

2. All documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business, or you must organize and label each document so as to correspondence with the categories in this request. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, you should produce copies of all labels or other identifying marks which may be present on the container.

3. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each  document(s) custodian(s).

4. Documents attached to one another should not be separated. If any portion of any document is responsive to any portion of the document requests below, then the entire document must be produced.

5. If a document once existed and subsequently has been lost, destroyed, or is otherwise missing, you should provide sufficient information to identify the document and state, in writing, the details, including whether the document:
   a. is lost or missing;
   b. has been destroyed and, if so, by whom and at whose request;
   c. has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or
   d. has been otherwise disposed of, stating the manner of disposition.

6. In each instance in which a document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including, but not limited to:
   a. the identity of the person or entity who last possessed the document;
   b. the date or approximate date of the document's disposition; and
   c. the identity of all persons who have or had knowledge of the document's contents.

7. If any document responsive to any of these requests is privileged, and the document or any portion of the document requested is withheld based on a

claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

    a.  the reason for withholding the document;

    b.  the date of such communication;

    c.  the medium of such communication;

    d.  the general subject matter of such communication (such description shall not be considered a waiver of your claimed privilege);

    e.  the identity of any document that was the subject of such communication and the present location of any such document;

    f.  the identity of the persons involved in such communication;

    g.  the identity of any document which records, refers, or relates to such communication and present location of any such document; and

    h.  the paragraph or paragraphs of thee requests for production of documents to which such information is responsive.

8. Each document requested herein should be produced in its entirety and without deletion, redaction, or excision, except as qualified by Instruction 7 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document requests. If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted. Any redaction to documents produced should be identified in accordance with Instruction 7 above.

9. All documents produced shall be numbered sequentially and numbered on each page.

10. Documents not otherwise responsive to any of the discovery request herein must be produced if such documents mention, discuss, refer to, or explain one or more documents called for by these requests, or are attached to a document called for by these requests.

11. If in responding these requests you claim any ambiguity in interpreting a request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to produce responsive documents, but there shall be set forth as part of your response the language deemed to be ambiguous, and the interpretation chosen or used in responding to the request.

12. Each paragraph and subparagraph of these requests should be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting the scope of any request.

### III.      <u>DOCUMENTS TO BE PRODUCED</u>

1.      Copies of all bank statements since January 1, 2020 for Bank of America Account █████████.

2.      Copies of all checks since January 1, 2020 deposited into Bank of America Account █████████.

3.      Copies of all bank statements since January 1, 2020 for Bank of America Account █████████.

4.      Copies of all checks since January 1, 2020 deposited into Bank of America Account █████████.

5.      Copies of all bank statements since January 1, 2020 for Bank of America Account █████████.

6.      Copies of all checks since January 1, 2020 deposited into Bank of America Account █████████.